May it please the Court, Anne McClintock, Federal Defender's Office, on behalf of the Petitioner and Appellant Douglas Winston. As much as I'd like to talk about the merits of his vagueness challenge, given the presence of Judge Fletcher, the author of McQuillan, and Judge Fisher, who was on my panel with Biggs, we can't. Vagueness in this case, as it is presented, is an applied challenge to the criteria that the Board used in denying his suitability findings. As Judge Hollows, an administrative judge who heard this case, said, we have no facts about this particular person. We don't know the details. The answer was just essentially some re-judgment motion. Yeah, but we do have the regulation. And if the regulation on its face is sufficiently confining to satisfy the vagueness concerns of the due process clause, that's enough, isn't it? I don't think we can make a determination on whether the regulation on his face is — doesn't suffer from vagueness problems as well. There's also the problem — Why can't we make that determination? Well, as he's alleged in his petitions, there are terms that are used in the regulation itself, the criteria, that are themselves vague. He talked about callous being a vague term, especially. I'm not sure exactly where that fit in. I couldn't find it. But then within that very same regulation, there is some definition. Correct? Within that subsection? Yes. And that whole subsection is quoted in his petition. They are. There's also things that are somewhat objective in the criteria. For example, multiple victims. Yes, no, obviously there were multiple victims. But, for example, if I were to take your argument that I can just simply transpose from the capital cases, the sort of the narrowing of those who are death-eligible due process argument coming out of the Eighth Amendment, and say that the same vagueness standard is applied in those cases and is applied in parole cases, which may or may not be true, but assuming that that argument is right, why can't I simply look at this regulation, look at the capital case jurisprudence, and see whether this regulation on its face would pass muster under the capital cases? My simplistic answer is because the case I cited, I believe it was Robinson, said that the Supreme Court precedent out of the as-applied, out of the capital context is that it's an as-applied challenge, that we have to look at how is this criteria applied to this particular person or has it been? Yes, but I don't read the cases that way. I mean, it may be as-applied in the sense that we may get some sense from the way those are applied over the course of several cases what those terms mean. Mm-hmm. I would agree with that. My other reaction to it is to point out that this is a pro se litigant who did not get an opportunity because of the way that the district court judge misinterpreted his reply to the objections on the first claim to really brief the applications of the various cases you're talking about. The application of death penalty aggravating circumstances, whether it's from Arizona, whether it's from Idaho, whatever the other states are, is not a simple thing and it's not very straightforward to apply in the context of how the California Board of Prison Terms deals with its application of these criteria. The other problem with it is that what I – there are many things that are outside the record that I think need to be developed. We've seen in Biggs, we've seen in McQuillan, we've seen in a lot of other cases that there's a pattern of applying this criteria that at least from my experience looks like it's invoked as a matter of rote. So there is at least an aspect of this that it is a – that there's a substantive due process violation because this is something that's being applied just like the commitment offense or the unchanging history that is talked about in Biggs. So just so I understand, is your theory that even if the regulation could be said to provide some greater degree of specificity, it's still on its face, still vague, or are you saying – or in addition to that, are you saying even if it does somehow arguably narrow the three categories, generalized categories, as applied by the parole board, they don't really do that. As applied, they simply label whatever conduct comes to their mind as heinous, callous, atrocious, whatever? Right. Which argument are you making? The latter is really my argument. That's your argument. So that's how you're reading the Supreme Court cases, that even if there's a narrowed construction, if – I mean, I'll admit that I didn't read that many because of the nature of the procedural nature of how this case was dealt with. I read the one – you know, my research stopped when I saw the case that said vagueness is an applied challenge, so it's important to look at the specific facts and how it's developed in this case. Well, right. But the Supreme Court also has said that if the statute, the broad terms have been of the terminology. So if it could be narrowed by state court decisions, are you saying that then there's still an as-applied challenge once the state court – Yes. Lower courts apply the refined definition, give it to the jury in a capital case? Well, I don't know if there's still an as-applied challenge. I don't do capital litigation, so I'm really hesitant to say. Well, but this is not a question of whether it's capital or not. The point is, is that as-applied says, we'll look to the circumstances of the case. But the Supreme Court jurisprudence, as I understand it, is in a capital case where this issue came up, the case on which you rely and the magistrate judge relied, the jury was given just an instruction and said, if you find this heinous, callous, or whatever. And that was not – that was considered to be vague. But the Supreme Court has also said that the – that broad terminology escapes the vagueness challenge if it has been narrowed by a state supreme court. So let's take that scenario. So now let's suppose that these regulations serve the function of a narrowing construction comparable to an interpretation by the state supreme court. It seems to me your argument, then, under as-applied is, even if it's been narrowed down so it's not facially vague, you're still entitled to litigate as to whether the parole board applied the narrowed version properly. Is that it? Correct. That's my argument. Okay. Thank you. And then if you take a look at these specific subsections, which is at our brief on 22 and 23, where you just quote it, and you look at what we know about this petition and mention in response, the first criteria is multiple victims were attacked. That we know. That happened. But if you take a look at the matrix that the board is supposed to use once it finds someone suitable, those criteria are – that fact that there's multiple victims is something that fits into this matrix of deciding where – what kind of sentence someone should actually be given. So that by itself, that objective fact, is not something that automatically excludes him forever from being found suitable and having a parole date. The second criteria that was carried out in a dispassionately calculated manner, execution-style murder, we don't have any real facts about what his involvement was versus what the other defendants and other people involved. And we have allusions to what the board understood his involvement was, which were fairly nasty. But, again, this is where we didn't get an answer on the substance of it. Mr. Winston didn't get an opportunity in response. He didn't talk about his commitment offense before the board. But among the records, what you would normally have is the judgment, the sentencing transcript, probation officer's report. None of that is in the record that the Federal court had. Counsel, you agree that this is a habeas corpus case, not a civil rights claim, right? Yes. Can you tell me where I can find an opinion from the California Supreme Court that the Board of Prison Terms and Paroles had an opinion?  I'm not sure.      It's not in the records.  It's not in the records. Where can I find an opinion in the California Supreme Court? The Inmate Rosenkranz's case talks about the law. This specific case? Oh, Mr. Winston's case? Yeah. No. How about the Court of Appeals? No. I couldn't find anything. This is an administrative procedure before the Board of Prison Terms and Paroles, right? He did, but... Doesn't California law provide that he can seek access in the courts? He did seek access. He exhausted... Where do I find that? In the record. Anyplace. It's not in the record. I know. That's my problem. Where can I find it? That's why it needs to be remanded, is my view of it. What? My memory of looking at the California Court of... The website that gives me, or Lexis, for his written activity on this case was that he just got summary denials. I haven't seen any written explanation of how the California courts dealt with this issue. I know that they... How do I start... Where do I find the date for tolling purposes? I mean, he's got one year in which to file under a EPA, doesn't he? There's been no allegation of a statute of limitations violation, so... Oh, wait a minute. It can't be waived. It can be waived. This Court ruled that not that long ago. The case name is not... I understand what the Court says. Do you understand what the statute says? The AEDPA statute? The statute, I believe, says that unless the Attorney General expressly waived, there's no waiver in this habeas case in the federal courts. I believe that their answer did not raise... I don't care whether he raised it or not. He didn't waive it. Look at 2254-3. A state shall not be deemed to have waived the exhaustion requirement or to be a stop from reliance upon the requirement unless the state, through counsel, expressly waives the requirement. So is there something in the record where the state has backed down and said we don't care about exhaustion? I'm sorry. I misunderstood you. I thought you were talking about a statute of limitations issue being raised. That is waivable. The exhaustion issue, they filed the state filed a motion to dismiss, arguing the Court had no jurisdiction and that there was no protectable due process liberty right. So there was no issue raised. Since there was no substantive answer, there was no response to the exhaustion question that's been raised. But where's the evidence of exhaustion? It's not in the record. Well, it may be in his petition. I don't see how we can proceed any further. Tell me why we should. I believe that he marked on his form petition, in the amended petition. I'll have to double-check. That he's exhausted his... He alleged it. Yeah. He states he's exhausted. If you look at excerpts of record, tab 1, page 6, all grounds, paragraph 13, all grounds stated herein have been exhausted in State court. That's what I asked you in the beginning. I'm sorry. I'm asking for a reference to the State record where there's an exhaustion. Anything in this record that shows exhaustion. Okay. Now, I think in the... He's alleged exhaustion. We don't have proof. He hasn't proved it. No. But that's because it's a summary dismissal. The motion to dismiss, the State says, after exhausting his State administrative and court remedies, citing the petition, the Petitioner filed the present petition for a writ of habeas corpus under 2254. That's the State's motion to dismiss. Right. Well, that's what happened. He did. He filed it that way, but it doesn't mean he proved exhaustion. Maybe the State can help us on exhaustion if they assume... I think we've got your argument in hand. Let's hear from the State, and then we'll give you a minute for rebuttal. I'm Scott Mather, Deputy Attorney General, Counsel for Appellee Board of Prison Terms. The court has addressed with Winston... Hang on just a sec. The clock hasn't started to run. I don't want to take any additional... We've got our own internal statute of limitations. It's now running. Fair enough. Okay. Here we go. The court has addressed two issues, whether the board's regulation is subject to a vagueness challenge, and if so, whether the regulation is actually vague. And on its face, the board's regulation is not like criminal... Well, how about addressing Judge Beezer's concern? Because if he's right, then we may be premature in getting to the merits. But it seems to me, I'm reading out of the motion to dismiss, I don't have who signed it, but it's certainly got this Attorney General Lockyer's caption on it all the way down to Alan Crown. So is that an express waiver, if an express waiver is necessary? No, Your Honor. Not only does it not... What does it mean when the state comes into court and says, after exhausting state administrative and court remedies... Well, I think given the reference, the citation in that to the petition, the state was acknowledging what Winston had alleged. And taking no issue with it. That Winston was alleging he had exhausted the state remedies. And taking no issue with it. And it wasn't raised one way or another, but it wasn't weighed either. It was just merely a reference to what Winston had alleged in his petition. Well, it's a statement of fact. It says, statement of facts, after exhausting the state administrative and court remedies. All it can do is look on its face and... That's what I'm doing. If there was exhibits cited or something further... Are you contending that he has not exhausted state remedies? I don't know. I'm not aware one way or another. Can I find the proof of exhaustion of the fact? Is there finding of fact by a court any place that he exhausted? Not in this case. Is there any evidence in any record that I can look at relating to exhaustion? Is there any process in the state of California courts where he exhausted? That's what I'd like to see. There's no evidence in the record in this case. Well, who has... In the excerpts or in the entire... Who has the burden of proof to prove exhaustion? Doesn't Rule 5 provide that the answer shall respond to the allegations of the petition? In addition, it shall state whether the petitioner has exhausted the state remedies. The answer shall indicate what transcripts, et cetera, are available, when they can be furnished, and what proceedings have been recorded and not transcribed. Isn't it the state's burden to establish the record that seems to be inadequate here? When the state files an answer, it is required to submit those documents. In this case, the state filed a dispositive motion, a motion to dismiss. But we're still at the summary dismissal stage. But we're still at the summary dismissal stage. But if there is no evidence in the record, the court can, as matters that affect its subject matter jurisdiction, determine that there is no... But there's no requirement that there be evidence in the record at this stage. That is to say, you're on a motion to dismiss. All that's required is that there be an allegation. Isn't that right? I'm not aware that that's the case. If the Court is correct, then it would proceed... What do you mean, if the Court is correct? What kind of motion did you make? There was a motion to dismiss. The Court's correct. And a motion to dismiss assumes but does not concede facts. True. Therefore, there's no obligation to prove at this stage. That would... I see the point the Court's making. Okay. So he's out. He's alleged exhaustion. If you think he hasn't exhausted and we think this should be allowed to go forward, you'll be given a chance to answer and say that he did not. That would be an issue that we would address, yes. But you say we lack jurisdiction in the motion. That's what it says right on the face of it. Filed August 28th. I don't understand what's going on. In the motion to dismiss? What it says, motion to dismiss, petition, memorandum of points and authorities. It's cited to the Court. It's got all the Attorney General stuff on it. It's a copy of the original filed August 28th. For the grounds raised in that motion. Yeah, which are not exhaustion. You guys haven't joined issue on exhaustion yet. That was not raised. Yeah. Why do I have jurisdiction to raise when it hasn't even gone through the courts of California? The Board isn't disputing that. Pardon? The Board isn't disputing that. The Court on its own... Look, Congress wanted to limit the habeas corpus cases coming from the state courts to the federal court. And they laid down some express conditions. Time limits, procedural limits, and here's a limit, and nobody's talking about it. And I'm just asking. The petitioner is the one that carries the burden to prove the facts alleged. I find nothing in the record. I'm suspicious of it. I've tried to find it, and I can't. That's where I am. Your Honor is correct. The petitioner hasn't proven that allegation. I can't go forward with it if you haven't complied with the statute. Pardon me? The petitioner hasn't complied with the statute. Now, if you're here expressly waiving it, that's something else. No. No, the Board is not expressly waiving it. And Your Honor is correct that the petitioner hasn't proven that allegation. But, yeah, I think you just agreed with me that they're not required to at this stage. You're kind of a little vice here. It's a difficult question to answer because it's one that we didn't have the opportunity to brief. And so in answering it first, I'd have to familiarize myself with it. I know the basic exhaustion requirement, but the new answers are not. Can you go find the records and send them to me or file them with the court as a supplemental ER? Is that the answer? Do you know enough about this case to say they're out there? I don't know one way or another. Could I get the State's position, since in your briefs you didn't talk about two of our opinions, McQuillian and Biggs, which do establish, I think, contrary to your argument, that there is a liberty interest at stake here. Is it still your position that there isn't? The Board argued based on ADEPA that it was the U.S. Supreme Court law which controlled whether there was liberty interest. But assuming that McQuillian and Biggs apply, the Court would be correct that there is a protected liberty interest as a general matter. But there's not a liberty interest with regard to challenges to the Board's regulations as being unconstitutionally vague. The liberty interest at issue is not the same as someone facing a criminal statute, which the case is cited by Winston to discuss. In fact, even though it challenges the Board as being too vague, the U.S. Supreme Court in Greenhold said that the State, quote, the State may be specific or general in defining the conditions for release and the factors that should be considered by parole suitability. What if, and this is a what if, I'm not sure that it's true, but a what if, what if the Board has all kinds of regulations that really look terrific, and let's say that on their face the regulations as to what constitutes heinous and so on are sufficiently defined by the subsection saying it involves multiple crimes, it involves indifference and so on. Those definitions do pass constitutional muster under the capital cases, and it's even assuming that the capital case definition applies here that they've done all right and they're fully complying with due process. Yet, if you look at what the Board does under those headings, it turns out it's a complete boilerplate, that they do not over the course of their decisions actually apply those things. What do we do? And that's an if. I mean, I'm not saying that that's what they do. That's a hypothetical. Two response, Your Honor. The first is a concern in terms of whether the Board uses boilerplate or not, because we see an awful lot of habeas petitions. No, no, no. Come with me on the if. I understand that there may be a factual question on that. If there is a factual question, then the issue often gets raised that, asserting that it is merely boilerplate and that the Board lacks some evidence in a particular case to support its decision. But that's a separate challenge from the Begnitz challenge. Why is it a separate challenge? Because the Board's regulation can be constitutionally sufficient in terms of the language it uses. But if the Board just merely labels a crime as being heinous, especially heinous, atrocious and cruel, and there's no evidence in the record to support that, it doesn't make the regulation unconstitutionally vague. It means that the Board's failed to make the requisite evidentiary finding. But is the Board incapable of refining or altering the definition as it might appear without reference to Board action? That is to say, all the time we look at adjudications to see, well, what do these words really mean? And if it turns out these words really mean, in the hands of the Board, again, this is hypothetical, they mean boilerplate. They don't mean much at all. If they really are vague, then what? Well, in this case, the Board has, if the court was looking at that, it would be looking at whether or not in particular cases the Board was just using some form of boilerplate and not basing its decision on some evidence. But that case wasn't presented here because Winston didn't challenge whether the Board lacks some evidence. He challenged the regulation. As vague. Unconstitutionally vague. Well, no, I think he challenged it as applied, although I have trouble with his meaning of as applied. Yeah. And in Kiss' case, with this particular regulation, which may not always be the case, the Court has the additional benefit that the regulation does go on and provide five additional factors. What's the standard that both the district court was supposed to apply and that were supposed to apply on the motion to dismiss? How much – what does Mr. Winston have to show in order to survive the motion to dismiss? Mr. Winston would have to show that the regulation is not unconstitutionally vague, that there's not any – Well, I think it doesn't have to show that much. I mean, it's something like he has to make a plausible case. Let's say you get a motion to dismiss if his argument is frivolous. I mean, that's what I'm after. What's the standard? As a matter of law, he'd have to show that the board's regulation is not unconstitutionally vague. No. There's a standard that says it's dismissed at this stage if. What's that standard say? I don't recall the exact standard. But it's something to do, like, with frivolity or not plausible or something. Not patently frivolous, right? And if the regulation is constitutionally valid on his face, then his claim would be legally frivolous. But the question is whether it's a frivolous argument, whether it's constitutional. Well, Your Honor, based on the Supreme Court's – U.S. Supreme Court's decision in Areve, where they looked at a death penalty statute and there was only one further defining factor, and that factor was itself very subjective, the Court upheld the death penalty statute. So given that the board has five factors and they're very detailed, I think the argument is on its face frivolous, because the board's regulation goes far beyond what the U.S. Supreme Court required in even the death penalty statute. This regulation has both a combination of objective and subjective factors that are very detailed. And is it frivolous even in the face of Mr. Winston's argument here through counsel that, in fact, the board just treats this as a boilerplate, and in actual operation, this is quite vague or has no standards at all? It's – Your Honor, it's still frivolous as to whether the regulation is vague. The regulation is not vague. Winston may have a dispute with regard to whether the board has some evidence. Is this a pro se petition? Yes, it is. Okay. Thank you. Thank you, Your Honor. Okay. Thank you. Response? You've answered all my questions or my responses regarding Mr. Winston's pro se status, the Rule 4 standard that governs summary dismissal, and my only question is, does the Court wish me to obtain this California Supreme Court petition in denial of relief and provide it as a supplemental excerpt? Well, let me – let me take – make a couple of bricks in the wall here on this. First of all, you – would you concede that the prison – prison terms and paroles is an administrative agency of the California State, right? Yes. Okay. And secondly, that California has a rule relating to the right to appeal to the courts from an administrative procedure, right? Certainly. Correct. And then that appeal, in turn, can go all the way to the Supreme Court of the State of California through the Court of Appeals or directly. Superior Court, Court of Appeals, California Supreme Court. I agree with that. And so – and when you get to the end of the line many times, the Supreme Court is just doing a postcard rejection. Right. That's what we frequently see. But none of that process has taken place, starting at the State level. Is that correct? I disagree with that. I have looked at a lot of parole – I have a lot of parole cases, so I'm not absolutely certain, but I'm almost positive that I did double-check Mr. Winston's case, and my memory is close to certain that there is a denial from the California Supreme Court. Well, that's very helpful. I have not found in the context of prison terms and paroles the schedule that I just laid out. And I tried to find statutes of California or rules of the commission that made all of that required under State law. That portion has changed recently, because as of effect of May 1st of this year, the Board of Prison Terms has abandoned its internal appeal process. So there is no longer any administrative appeal of a parole setting or any other parole-related decision. What happens now? They can go straight to the superior court or the other courts. Okay. So that part is simplified. I don't know, because I can't access that information directly, and I didn't ask that since we got this case on appeal. I didn't ask those questions of Mr. Winston whether to – There's some kind of practice book or horn book around the State of California that gives you – There is. I would highly recommend, if the Court doesn't have it in its library, the prison law office puts a prison – California prison law manual that sets out all the kind of the – it's beyond just parole cases, but it does set out the standards of the processes involved in parole as well. Thank you, Your Honors. Thank you very much. Thank both sides for their argument. The case of Winston v. Board of Prison Terms is now submitted for decision. There is one case that will be submitted on the brief, and that is Durbin v. National Loan Investors. That is now submitted on the brief. The final case for argument today is Johnson v. Knowles.
judges: Beezer, W. Fletcher, Fisher